FILED
IN OPEN COURT

JUN 2 2 2016

CLERK, U.S. DISTRICT C.
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr71 |
| | ) | |
| MICHAEL MATTOS, | ) | |
| a/k/a "Michael McNeil," | ) | |
| a/k/a "Michael Williams," | ) | |
| | ) | |
| Defendant. | ) | |

STATEMENT OF FACTS

By signing below, the parties and their respective counsel agree that if this case had gone

to trial, the government's evidence would have established the following facts beyond a

reasonable doubt:

1.      Starting in or about February 2016, the defendant began to coordinate a narcotics

transaction with a confidential informant ("CI-1").   The defendant arranged to deliver 1.5

kilograms of powder cocaine and nine ounces of cocaine base to CI-1 in exchange for

approximately $107,000.   The defendant enlisted his common law wife, Maribel Ortiz, to

transport the cocaine and cocaine base to Virginia.

2.      On April 8, 2016, Ortiz rented a van in New York City, and the defendant hid

cocaine and cocaine base behind the van's bumper.   Ortiz, accompanied by her and the

defendant's four-year-old daughter, drove the van.   The defendant drove a separate vehicle in

tandem with the van.   Both vehicles were surveilled traveling from New York City to the Eastern

Shore of Virginia at speeds substantially below the posted limit.   During the trip the defendant

and Ortiz were in constant communication via telephone.

3.      The defendant and Ortiz were stopped by federal and state law enforcement agents in Painter, Virginia, within the Eastern District of Virginia.   Agents searched the van driven by Ortiz and found in excess of 500 grams of powder cocaine and in excess 28 grams cocaine base secreted behind the bumper.   Agents also recovered the cell phone the defendant had used to set up the narcotics transaction with CI-1.   Agents detained the defendant and read him the *Miranda* warnings.   Thereafter, the defendant falsely claimed he had been traveling to a friend's funeral in the Hampton Roads area.   The defendant advised agents that he only knew the deceased as "Will" and did not recall the deceased's last name or the time of the service.   The defendant also gave this cover story to Ortiz in case they were stopped by police.   The defendant later acknowledged that he knew about the cocaine, but falsely claimed that it belonged to a different individual who had arranged the transaction.   In fact, the defendant had made the arrangements for the narcotics transaction, had secreted the cocaine and cocaine base within the van, and had supervised Ortiz's role in transporting the cocaine and cocaine base into the Eastern District of Virginia.

4.      The acts taken by the defendant in furtherance of the offenses charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law.   The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offenses charged in this case.   The defendant further acknowledged that he is obligated under his plea agreement to provide additional information about this case beyond that which is described in this statement of facts.

                              Respectfully submitted,

                              Dana J. Boente
                              United States Attorney

2

By:
_____
Joseph E. DePadilla
Andrew Bosse
Assistant United States Attorneys

<u>Defendant's signature:</u>   After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Michael McNeil, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Michael McNeil
Defendant

<u>Defense attorney's signature:</u>   I am the attorney for defendant, Michael McNeil. I have carefully reviewed the above Statement of Facts with him. His decision to enter into this factual stipulation is knowing, intelligent, and voluntary.

Paul Watson, Esq.
Chad G. Dorsk, Esq.
Counsel for Defendant