IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 2:16cr71 |
| ) | |
| MICHAEL MATTOS,  ) | |
| ) | |
| Defendant.   ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Joseph E. DePadilla, Assistant United States Attorney, hereby submits its position with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR) prepared in this matter, the United States Probation Office determined the applicable guidelines range to be a term of 87 to 108 months of imprisonment on Count One. The Probation Office calculated a Total Offense Level of 29 and a Criminal History Category of I. In accordance with Section 6A1.2 of the Sentencing Guidelines Manual and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and consulted with the Probation Office and defense counsel. The government does not dispute any of the sentencing factors set forth in the PSR or the guidelines range calculation, and it has no objections.

For the reasons outlined below, the United States respectfully submits that a sentence in the middle of the guidelines range is appropriate in this case and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

I.  Motion

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b) and based upon the terms of the binding plea agreement in this case, to grant a one-level reduction in the defendant's offense level for acceptance of responsibility. The defendant timely notified the United States of his intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

II. Background

On May 5, 2016, a federal grand jury named the defendant in an indictment alleging six crimes, all related to narcotics trafficking by the defendant and his common-law wife and co-defendant Maribel Ortiz. The defendant was charged in three of the six counts: conspiracy to distribute and possess with intent to distribute controlled substances, including cocaine and crack cocaine, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and (C) (Counts 2 and 4). PSR ¶¶ 1-3. On June 22, 2016, the defendant pleaded guilty to Count One. PSR ¶ 4. The defendant is scheduled to appear before this Court for sentencing at 2:00 p.m. on Thursday, October 13, 2016.

III. Position on Sentencing and Argument

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'"

*Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination,

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

    A)    <u>Nature and Circumstances of the Offense</u>

The nature and circumstances of the offense are serious. The defendant was able to obtain $107,000 worth of cocaine and crack cocaine for a wholesale transaction. The defendant was willing to transport these controlled substances from New York to Virginia, where they would eventually be resold at retail rates. The defendant then used the mother of his children and his four-year-old child to disguise himself in an effort to avoid detection by law enforcement. The defendant had the mother of his children rent the transport van and then encouraged her to bring their four-year-old daughter along. The defendant did not travel with his controlled substances, instead he followed in a car behind the woman and child which put them at even greater risk. The defendant also initially lied to law enforcement and then concocted a half-truth explanation for the ownership of the narcotics.

    B)    <u>History and Characteristics of the Defendant</u>

The defendant is 44 years old. PSR ¶ 41. He has been involved with the mother of his child since 1990, and he has two children with her, aged 25 and 4. PSR ¶ 44. The defendant has one previous drug conviction from 1991. PSR ¶ 35. The defendant is a skilled auto mechanic specializing in audio and car interiors; as he told the probation office, he "can fix anything."

PSR ¶ 53. The evidence from his arrest supports those statements. The defendant had a narcotics "trap' in his vehicle made from a battery box. Such custom-made devices, used to conceal either drugs or money, are not easy to construct or install, and the defendant's use of one here shows a level of sophistication commensurate with the transportation of large amounts of drugs. Additionally, the defendant did not use the trap to transport the narcotics. Instead, he removed the bumper of the rental vehicle in which the mother of his children and young child were driving, and then secreted the drugs several feet inside the vehicle. It took the state police over two hours to find the drugs hidden inside the vehicle, and if the defendant had not carelessly left scratches on the screws affixing the bumper, his hiding place may have defeated law enforcement.

        C)       <u>The Need to Deter this Defendant and other Similarly Situated Offenders</u>

The most disturbing fact in the defendant's behavior was not his knowledge of the most favorable locations within automobiles for secreting drugs so as to evade law enforcement. It was his choice to use the mother of his children and his four-year-old daughter as cover while transporting those drugs. The wholesale value of the narcotics located in the defendant's rented vehicle was in excess of $100,000. Those drugs could have been resold on the street for several times that amount. The defendant was fortunate, all things considered, that he chose to sell to someone working with law enforcement. Meeting a new buyer in a remote area of the Eastern Shore with over $100,000 worth of an illicit product is an unusually dangerous enterprise. The purchasers could just as easily have been individuals who decided to steal the drugs, which would have put Maribel Ortiz and their four-year-old daughter in grave danger. The defendant either did not consider that possibility when he decided to use his family to help him evade law enforcement detection, or he considered it and decided to use them nonetheless. Neither

4

possibility speaks well for the defendant. Deterring other drug sellers from using their family members as a disguise for their drug trafficking is important, especially in situations like this one, where larger, more valuable, and hence more dangerous transactions are occurring. If anything, this type of behavior should yield a higher sentence than for the normal narcotics trafficker who simply takes the risks himself and does not involve his family in an inherently dangerous situation.

IV. <u>Conclusion</u>

Taking all the Section 3553(a) factors into account, the government respectfully submits that a sentence within the guidelines range is appropriate and not greater than necessary to reflect the seriousness of this case, promote respect for the law, and afford specific deterrence to the defendant. The government respectfully submits that a sentence in the middle of the range will properly consider the aggravating factors listed above and take into account the defendant's decision to plead guilty quickly and save both this Court and the government's resources.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:      /s/
Joseph E. DePadilla
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
joe.depadilla@usdoj.gov

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 6th day of October, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record, including:

>Paul Granville Watson, IV, Esq.
>P.O. Box 600
>5224 Willow Oak Road
>Eastville, VA 23347
>
>Chad G. Dorsk, Esq.
>500 E. Plume Street
>Suite 220
>Norfolk, VA 23510
>
>*Attorneys for Defendant Michael Mattos*

     I HEREBY CERTIFY that on this 6th day of October, 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

>Carmen I. Pérez
>U.S. Probation Officer
>600 Granby Street
>Suite 200
>Norfolk, Virginia 23510

>     /s/
>_____
>Joseph DePadilla
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, VA 23510
>Office Number: 757-441-6331
>Facsimile Number: 757-441-6689
>Joe.DePadilla@usdoj.gov