IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:16cr71 |
| | ) |
| MICHAEL MATTOS, | ) |
| Defendant. | |

NOW COMES the defendant, Michael Mattos, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, pursuant to Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u> and this Court's Sentencing Procedures Order, and adopts the facts and findings in the defendant's pre-sentence report.

The defendant concurs with the recommended guideline range of 87 months to 108 months but believes a variant sentence of 60 months based on the factors contained in 18 U.S.C. 3553(a) is warranted.

## POSITION OF DEFENDANT IN REGARDS TO SENTENCING AND REQUEST FOR A VARIANCE

The defendant is requesting a variance because a sentence 60 months is substantial enough to provide just punishment. The defendant is a Category I offender and has cooperated fully with the United States Government.

## LEGAL STANDARD FOR SENTENCING

Courts must take the United States Sentencing Guidelines "into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). The Court should begin "by correctly calculating the applicable Guidelines range." *United States v. Gall*, 553 U.S. 38, 49 (2007). The Court should next consider the specific offender characteristics and any grounds for departure as outlined in the Guidelines. U.S.S.G. § 1B1.1(b). Finally the Court should consider the factors set forth in 18 U.S.C. § 3553(a), pursuant to which the Sentencing Guidelines, "formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 553 U.S. 85, 90 (2007).

## STATEMENT OF FACTS

The defendant obtained and transported 107,000 worth of narcotics from New York to the Eastern Shore of Virginia where he and his wife were arrested. The drugs were hidden inside the rental vehicle operated by his wife. The defendant when questioned by police was deceptive and was also wrong for bringing his wife and young daughter along for the ride.

## JUVENILE RECORD

The defendant does not have a juvenile record.

## ADULT RECORD

In 1991, the defendant at the age of 19 was convicted for possession of drugs and sentenced to 5 years of probation.

## PERSONAL INFORMATION AND BACKGROUD

Mattos is life long resident of the state of New York and has a supportive and loving family who has expressed "hurting" due to his incarceration. Mattos was raised in a home with a mother who was addicted to drugs and as a result felt compelled to help financially. Mattos began working after he completed the 11th grade and as a result did not finish high school. Mattos is very resourceful and loving family man who has a long history of legitimate and legal employment. His family reports that from the age of ten years old Mattos was able to see the benefit and necessity of hard work. At the age of seventeen Mattos was working fulltime and has been doing so ever since. Mattos has worked as a barber alongside his son since 2009 in addition to owning and operating vending machines.

Mattos and his common-law wife have been together since 1990 and they have two children together. Ms. Ortiz told the probation officer that her four-year-old daughter is having great difficulty understanding why her father is gone and is emotionally distraught as a result.

## APPLICATION OF §3553 FACTORS

In light of the §3553 factors, a variance is both reasonable and appropriate under the circumstances. A sentence below the guideline recommendation takes into account, among other factors, Mr. Mattos' criminal acts, the need for the sentence to provide just punishment and promote respect for the law, and the need to deter the defendant and others. Ms. Mattos is responsible for one large drug transaction and as a result is facing a jail sentence of at least five years.

For the majority of his adult life, Mr. Mattos has acted in ways for which he is proud. The conduct for which he stands before this court, speaks to the duality of human

behavior for an otherwise good person. We respectfully request a variance in this matter for a sentence of 60 months.

Respectfully Submitted,

Michael Mattos

By: _____/S/_____

Chad G. Dorsk
Virginia State Bar No. 74499
Counsel for Mr. Michael Mattos
500 E. Plume Street, Suite 220
Norfolk, VA 23510
Phone: (757) 423-0271
Fax: (757) 423-0272
Email: cdorsk@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Joseph DePadilla
Assistant U.S. Attorney
World Trade Center
101 W. Main Street, Suite 8000
Norfolk, VA 23510
Telephone: (757) 441-6331
Facsimile Number: (757) 441-6689
Joe.Depadilla@usdoj.gov

And I also hereby certify that I have emailed this document to the following non-filing user:

Carmen I. Perez
U.S. Probation Officer
600 Granby Street
Suite 230
Norfolk, VA 23510
(757) 223-4659

_____/S/_____
Chad G. Dorsk
Virginia State Bar No. 74499
Counsel for Mr. Michael Mattos
500 E. Plume Street, Suite 220
Norfolk, VA 23510
Phone: (757) 423-0271
Fax: (757) 423-0272
Email: cdorsk@gmail.com